WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which claimant was awarded temporary total disability compensation from August 26, 1987, to maximum medical improvement in June 1988, and permanent total disability benefits thereafter. The judge of compensation claims (JCC) found the date of accident to be August 19, 1987, despite claimant’s own testimony that the accident occurred one week later. The employer/carrier argue that no such accident occurred, or in the alternative, that it was improper for the judge of compensation claims (JCC) to *563 “amend” the claim by establishing the date of accident without notice to the parties. We affirm, finding competent substantial evidence that an accident resulting in a permanent injury occurred as found by the JCC, and concluding that in the circumstances shown by the record neither the employer/carrier’s right to notice nor the benefits awarded was materially affected by the JCC’s determination of a date of accident varying one week from that originally claimed.
Claimant, employed by Plant City as a gardener and grave digger for several years prior to the date of accident, had sustained an injury to his lower back some years prior to the current claim, and had obtained periodic medical treatment for his back since that first injury. The testimony was that, while pulling weeds on his hands and knees one day during August 1987, claimant experienced a sudden, sharp pain in his lower back which he described as unlike any pain he had experienced before. The physician from whom claimant had been receiving treatment over the years testified that claimant had arrived at his office for an appointment sometime during August 1987 in a “new posture”: stooped over in pain and unable to stand upright. This physician diagnosed claimant with a “motion injury to the lumbar spine” on August 19, 1987.
Claimant testified that the injury to his lower back had occurred on Wednesday, August 26, 1987. However, according to employer records, claimant was absent from work on that day because of a death in his family. Those records document that the last day on which claimant worked for Plant City was Monday, August 24, 1987.
Claimant suffers from a congenital mental retardation which makes his memory unreliable for specifics such as dates. Testimony from his rehabilitation counselor demonstrated that claimant can remember the basic facts about an event but may be inaccurate in recalling when the event in question occurred. The existence of this mental disability and the medical reports indicating a motion injury to claimant’s spine on August 19,1987 support the JCC’s findings that claimant sustained the current injury to his lower back on the 19th of August, and not on the 26th.
Affirmed.
ERVIN and WIGGINTON, JJ., concur.